UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KORIN N. BRADLEY,

    Plaintiff,

v.                                        Case No. 1:22cv52-AW-HTC

ROBERT E. CAMPBELL,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Korin Narada Bradley, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil-rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 7 (Plaintiff's second amended complaint). The matter was referred to the undersigned for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon review, the undersigned respectfully recommends this case be DISMISSED WITHOUT PREJUDICE as malicious for abuse of the judicial process due to Plaintiff's failure to disclose his complete litigation history.

## I. STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, et seq., "the court shall dismiss the case at *any time* if the court determines that … the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e) (emphasis added); *see also* 28 U.S.C. § 1915A(b). In this case, although the Court initially determined the second amended complaint was sufficient to be served,[1] upon further review, the Court discovered Plaintiff failed to disclose his complete litigation history.

## II. FAILURE TO DISCLOSE

Section VIII of Plaintiff's second amended complaint, entitled "PRIOR LITIGATION," asks the following questions: (1) "**To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"** (subsection VIII-A); (2) "**Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case**"

---

[1] At the time Plaintiff filed this action, which alleges Sheriff's deputies violated his constitutional rights by arresting him without probable cause, Plaintiff had not yet been convicted of the underlying criminal charges resulting from that arrest. *See Florida v. Bradley,* No. 01-2020-CF-001144 (Fla. 8th Cir. Ct.). However, since that time, Plaintiff has pled no contest and is serving a 6-year sentence for those charges. Thus, his probable cause challenge is barred by *Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

Case No. 1:22cv52-AW-HTC

(subsection VIII-B) (emphasis in original); and (3) "**Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement**" (subsection VIII-C).  ECF Doc. 7 at 9–12.  Plaintiff answered "NO" to subsections VIII-A and VIII-B.  *Id.* at 10.  In subsection VIII-C, Plaintiff responded affirmatively and listed a single "District Southern" court case from 2020, without providing any case number.  *Id.* at 11.  Further, in Section IX of the second amended complaint, entitled "CERTIFICATION," Plaintiff declared "under penalty of perjury that the foregoing (including all continuation pages) is true and correct."  *Id.* at 12.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction.  Upon such an investigation, the undersigned takes judicial notice Plaintiff had previously filed the case *Bradley v. Artman, et al.*, No. 1:15-cv-00273-MP-GRJ (N.D. Fla.), which was dismissed for failure to state a claim and, thus, counts as a "strike" under the Prison Litigation Reform Act ("PLRA").  *See* 28 U.S.C. § 1915(g).  Also, the Court presumes the 2020 case referenced by Plaintiff is *Bradley v. St. Lucie Cnty., et al.*, No. 2:20-cv-14160-KMM (S.D. Fla.), as that was the only 2020 case the Court found for Plaintiff and was disclosed in

Plaintiff's complaint. As with *Bradley v. Artman,* this case was dismissed for failure to state a claim.[2]

Plaintiff also failed to disclose a federal habeas action, *Bradley v. Florida*, No. 1:14-cv-00194-MP-GRJ (N.D. Fla.). The case appears to challenge Plaintiff's state-court misdemeanor conviction in *Florida v. Bradley*, No. 1-2014-MM-000621 (Fla. Alachua County Ct.). The petitioner in the habeas case bears Plaintiff's name, Korin Narada Bradley, which the Court finds is uncommon, as well as his signature. Further, Plaintiff's date of birth[3] matches the date of birth of the defendant in the underlying state-court case, as noted on the charging instrument. The petition was dismissed for failure to prosecute or comply with an order of the Court. Plaintiff should have disclosed that habeas case under subsection VIII-C but did not.

Additionally, Plaintiff failed to disclose a state-court habeas action, *Bradley v. Florida*, No. 01-2021-CA-2202 (Fla. 8th Cir. Ct.), challenging Plaintiff's

---

[2] The Court notes that in Plaintiff's initial complaint, he also did not disclose the 2015 case and did not identify the 2020 case other than by year, although he did disclose it as a strike. ECF Doc. 1 at 9. In his first amended complaint, Plaintiff disclosed both the 2015 and 2020 cases as strikes, and thus clearly knew they should have been disclosed on the second amended complaint, the operative complaint. Regardless, in none of the three complaints he filed in this case, under penalty of perjury, did Plaintiff disclose his federal habeas case or his state habeas case, which was based on the same facts as this case (discussed above).

[3] *See Bradley, Korin N.*, Florida Dep't. Corrections, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=G02368&TypeSearch=AI (last visited Nov. 2, 2022).

conviction in *Florida v. Bradley*, No. 01-2020-CF-001144 (Fla. 8th Cir. Ct.). The name and date of birth of the petitioner match the Plaintiff's name and date of birth. Moreover, some of the allegations in the petition for writ of habeas corpus are similar to the allegations in the present case and involve the same defendant, Robert Campbell. For example, in both the habeas action and the present case Plaintiff disputes the validity of the warrant obtained by Defendant Campbell for lack of probable cause, citing inconsistencies between the victim's claims and Plaintiff's medical records. *See* ECF Doc. 7 at 5–7. Because the state-court habeas action deals with the same facts and issues as those in the present case, Plaintiff should have disclosed it within subsection VIII-B.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Also, Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: "**Failure to disclose all prior cases may result in the dismissal of this case.**" ECF Doc. 7 at 12 (emphasis in original). Nonetheless, Plaintiff made at least two false representations in his complaint. If Plaintiff suffered no penalty for his untruthful response, there would

be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false response to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and

Case No. 1:22cv52-AW-HTC

the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## IV. CONCLUSION

Based on the foregoing, the undersigned finds Plaintiff made at least two false representations under penalty of perjury in subsections VIII-B and VIII-C of the complaint by failing to fully disclose his prior litigation. Such conduct is considered "malicious" under the Prison Litigation Reform Act, §§ 1915A(b)(1) and 1915(e)(2)(B)(i), and is grounds for dismissal.

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 4th day of November, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.